IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY EARL YAUGER, JR., **Petitioner**, v. WARDEN DAN SPROUL, **Respondent**. | Case No. 3:24-CV-00716-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Benny Earl Yauger, an inmate of the Federal Bureau of Prisons ("BOP") currently housed at the U.S. Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge BOP's calculation of his sentence. (Doc. 1). Specifically, Yauger alleges that BOP deprived him of 27 days of good time credits and a further unspecified number of credits under the First Step Act. (*Id.*) Yauger contends that he has fully exhausted the administrative remedies available to him. (*Id.*).

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). An inmate can thus challenge the calculation of his sentence in a § 2241 petition, as Yauger does here. *Setser v. United States*, 566 U.S. 231, 244 (2012).

The Court has reviewed Yauger's petition and, without commenting on the merits of his claims, finds it is not plainly apparent that Yauger is not entitled to relief. Accordingly, the Court **ORDERS** Respondent Dan Sproul to answer or otherwise plead on or before **March 5, 2025**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Yauger is **ADVISED** of his continuing obligation to keep the Clerk of Court (and the opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

Yauger's recent Motion for Status (Doc. 12) is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  February 3, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**